| | |
|---|---|
| MELISSA FRIERSON, ) ) Plaintiff, ) ) vs. ) ) ANDREW M. SAUL, Commissioner of ) Social Security Administration, ) ) Defendant. ) ) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13). Pursuant to 28 U.S.C. § 636(b)(1)(B), these motions were referred to the magistrate judge for issuance of a Memorandum and Recommendation ("M&R") for disposition (Doc. No. 15). The M&R recommends Plaintiff's Motion for Judgment on the Pleadings be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's decision be affirmed. Plaintiff filed objections to the M&R (Doc. No. 16), and Defendant filed a response brief (Doc. No. 17). This matter is now ripe for review.

For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R as modified herein, GRANTS Defendant's Motion for Summary Judgment, DENIES Plaintiff's Motion for Judgment on the Pleadings, and AFFIRMS the Commissioner's decision.

### I. BACKGROUND

Plaintiff does not lodge any specific objections to the procedural history section contained

1

in the M&R. Indeed, the M&R acknowledged the parties' briefs indicated no dispute over the procedural history of this matter. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein. (Doc. No. 15, p. 2).

Plaintiff filed the present action on December 18, 2019. She assigns error to the Administrative Law Judge's ("ALJ") determination that she failed to meet Listing 4.11, Chronic Venous Insufficiency. (Doc. No. 12). The ALJ considered Plaintiff's claim for disability and concluded on April 8, 2019 she did not meet the listing requirements to qualify for disability benefits.

The ALJ analyzed this matter under the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. 404.1520(a), 416.920(a). (Tr. 14-26). At step one, the ALJ determined Plaintiff is not engaging in substantial gainful activity. (Tr. 20). At step two, the ALJ concluded Plaintiff does have a combination of medical impairments that is "severe" within the meaning of 20 CFR 404.1520(c) and 416.920(c). Id. At step three, the ALJ concluded Plaintiff's impairment is not of the severity to meet or medically equal the criteria of impairment required under Listing 4.11 for chronic venous insufficiency. (Tr. 21) At step four, the ALJ found Plaintiff has the residual functioning capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). (Tr. 22). Lastly, at step five, the ALJ determined Plaintiff is unable to perform any past relevant work (Tr. 26).

## II. STANDARD OF REVIEW

### A. Review of a Memorandum and Recommendation

A district court may assign dispositive pretrial matters, including motions for summary judgment, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). *De novo* review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

**B.      Review of a Social Security Appeal**

When reviewing a Social Security disability determination, a reviewing court must "uphold the determination when an [Administrative Law Judge ("ALJ")] has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). In reviewing the record for substantial

evidence, the Court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (brackets, citation, and internal quotation marks omitted).

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four." Lewis, 858 F.3d at 861. Here, the ALJ considers the claimant's residual functional capacity ("RFC") to determine what is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work. Id. § 416.945(a)(1); § 404.1520(a)(4)(iv).

> In making this assessment, the ALJ must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after such

4

> a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work.

Monroe, 826 F.3d at 179 (citations and quotations omitted). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).
>
> After assessing the claimant's RFC, the ALJ continues with the fourth step, where the claimant must establish she is unable to perform past work. Mascio, 780 F.3d at 635.

Lewis, 858 F.3d at 862. If the claimant meets her burden as to past work at step four, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862 (citations and quotations omitted). If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

## III. ANALYSIS

Relying on Fourth Circuit case law, the M&R recommends this Court grant Defendant's motion for summary judgment and affirms the ALJ's decision on the grounds that the denial of Ms. Frierson's claim for benefits at step three is supported by substantial evidence. In response, Ms. Frierson raises four primary objections to the M&R's findings and conclusions, arguing the M&R errs in upholding the ALJ's determination because: (1) the ALJ fails to supply "the explanatory discussion necessary to understand and review the ALJ's conclusion" that Ms. Frierson's injuries did not fulfill the requirements under Listing 4.11; (2) the M&R improperly constructs the ALJ's listing argument post-hoc; (3) the M&R imposes requirements that are not outlined in Listing 4.11; and (4) the M&R draws unsupported inferences from the facts. (Doc. No. 16). For the reasons that follow, the Court concludes all of Ms. Frierson's objections to be without merit.

### A. Failure to Provide Explanatory Discussion During Step Three

Relying on Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (requiring a district court to remand a case when an ALJ decision is "devoid of reasoning"), Ms. Frierson objects to the M&R on essentially the same grounds articulated in her Memorandum in Support of Motion for Judgment on the Pleadings. She argues the M&R could not have found substantial evidence supporting the ALJ's decision because the "ALJ discusses none of the evidence in relation to the requirements of the listing." (Doc. No. 16). Lastly, Plaintiff contends the ALJ's decision must be

6

remanded because it fails to provide the reason(s) why the claimant does not have a Listed impairment. Id.

Although Ms. Frierson correctly asserts the ALJ provided only a succinct analysis during the initial step three determination, this Court is required to review the ALJ's decision in its entirety to determine whether the M&R correctly concluded the ALJ supplied the explanatory discussion necessary to facilitate a proper review. Keene v. Berryhill, 732 F. App'x 174, 177 (4th Cir. 2018). There is simply no requirement for the ALJ to provide an exhaustive discussion during its initial step-three determination of disability. Id. (stating that no "exhaustive point-by-point breakdown" is necessary and that the ALJ is merely compelled to "provide a coherent basis for his step three determination"). Instead, an ALJ's step-three determination that a claimant is not disabled under the relevant listing requirement "can be upheld based on the ALJ's findings at subsequent steps in the analysis." Id. (citing Fischer-Ross v. Barnhart, 431 F.3d 729, 734 (10th Cir. 2005)).

Upon de novo review of the ALJ's entire decision, there is no merit to Ms. Frierson's claim that the ALJ's step three determination amounted to a conclusory statement requiring remand. As properly noted in the M&R, the ALJ thoroughly discusses the relevant evidence with citation to the record from the period under review, describes Ms. Frierson's vascular ablation procedure, discusses other possible causes of Ms. Frierson's symptoms to provide an alternative explanation for her condition, and then provides a basis for the determination that Ms. Frierson did not meet the requirements of Listing 4.11. Therefore, the ALJ sufficiently supplies the explanatory discussion necessary to review the ALJ's conclusion and determine whether it is supported by substantial evidence. Accordingly, this Court rejects Ms. Frierson's first objection and affirms the M&R's conclusions of law as to this assignment of error.

7

### B. *Post-Hoc* Construction of ALJ's Listing Argument

Ms. Frierson also objects to the M&R on the ground that it "offers new rationales on behalf of the ALJ" and "embellishes the ALJ's summary of the evidence in order to lend support to the findings." (Doc. No. 16). Citing to Island Creek Coal Co. v. Henline, 456 F.3d 421, 426 (4th Cir. 2006), Ms. Frierson argues this matter should be vacated, reversed, or remanded because the M&R provides a "*post-hoc* rationalization" of an administrative decision that fails to sufficiently explain why Ms. Frierson does not meet the 4.11 listing requirements. (Doc No. 16). Accordingly, Ms. Frierson's second objection, like her first objection the Court has already rejected, relies upon a single premise: the ALJ fails to provide enough evidence or rationale in its decision. However, as noted above, the ALJ's decision—when read in its entirety—discusses evidence with citation to the record to support the conclusion Ms. Frierson does not meet the 4.11 Listing requirements. Therefore, the M&R, which is strictly limited to the ALJ's findings, does not provide an improper *post-hoc* construction of the ALJ's listing argument as Ms. Frierson contends; thus, this Court rejects Ms. Frierson's second objection.

### C. Imposing Additional Requirements Not in Listing 4.11

Ms. Frierson next objects to the M&R on the ground that it requires her to meet additional criteria not included in Listing 4.11. In other words, she contends the M&R weighs irrelevant evidence when making recommendations to this Court. (Doc. No. 16). Here, Ms. Frierson specifically takes issue with the M&R's decision to note "the records are unclear as to whether the lesions post-dating Plaintiff's procedure were the result of diabetes or venous insufficiency." (Doc. No. 16). She argues that noting this observation is improper because Listing 4.11 "says nothing about whether other conditions are not permitted to contribute to the cause of the symptoms." Id.

8

Although Ms. Frierson is correct that Listing 4.11 says nothing about whether other conditions are permitted to contribute to a claimant's venous insufficiency, she completely misrepresents why the M&R references one of her other underlying conditions. The passing reference to Ms. Frierson's diabetes—also referenced by the ALJ in its decision—merely serves to cast doubt on Ms. Frierson's claim that she meets the diagnostic criteria under Listing 4.11.

The M&R makes clear it is not this Court's responsibility to "reconcile inconsistencies in the medical evidence." Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976). Thus, while the M&R briefly mentions certain inconsistencies in the medical evidence that cast doubt on Ms. Frierson's claim she has a disabling functional limitation, it does not attempt to reconcile these inconsistencies and instead properly defers to the ALJ's determination as required by law. Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) ("[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ")). Accordingly, this Court rejects Ms. Frierson's third objection.

### D. Drawing Unsupported Inferences and Failing to Weigh Conflicts in Evidence

Ms. Frierson's final objection to the M&R asserts that it draws unsupported inferences from the facts in recommending her Motion for Judgment on the Pleadings (Doc. No. 11) be denied. Relying on Murphy v. Bowen, 810 F.2d 231, 235 (4th Cir. 1984), Ms. Frierson alleges the ALJ "fails to evaluate Frierson's case properly" by refusing to address and explicitly weigh certain conflicts in the medical evidence; thus, the M&R, which relies upon the ALJ's evaluation of the evidence, must be overruled. (Doc. No. 16).

Nevertheless, it is clear from the ALJ's decision the ALJ weighs the relevant evidence on the record before concluding Ms. Frierson did not meet the requirements of Listing 4.11. When explaining the rationale for concluding Ms. Frierson does not meet the Listing requirements, the ALJ writes:

> The medical evidence does not support the claimant's allegations of disabling functional limitations. The record shows that the claimant has a history of diabetes mellitus with neuropathy and recurrent treatment due to a formation of a nonhealing ulcer in her left lower extremity (Exhibit 10F/2, 13F/1, 17F/12, 19F26). Some records refer to this condition as venous insufficiency (Exhibit 17F12/ 21F/284). The claimant underwent varicose vein removal surgery in 2015 and 2016, which records indicate has also been a source of her leg pain and numbness (Exhibits 6F/4, 14F/24, 15F263). However, objective medical evidence and clinical impressions consistently show no evidence of deep vein thrombosis (Exhibits 3F/10, 17F/4, 21F/239). Records from Trinity Health Care in August 2016 show that the claimant complained of left lower leg pain but had been off all medications after losing her insurance. Upon examination, the claimant had minimal edema of the left leg and gait and station were unremarkable. Records indicate that the claimant was well nourished and in no acute distress with normal heart rate and clear lungs bilaterally (Exhibit 19F/16-17).

Here, it is quite clear the ALJ weighs evidentiary conflicts. For instance, the ALJ discusses evidence that Ms. Frierson does in fact suffer from "leg pain and numbness"—symptoms which often accompany venous insufficiency—before concluding the "objective medical evidence and clinical impressions consistently show no evidence" Ms. Frierson meets the listing requirements. While Ms. Frierson argues the ALJ does not explicitly weigh the conflicting evidence, the ALJ's use of the word "[h]owever" before mentioning the objective evidence that supports a finding Ms. Frierson is not disabled shows the ALJ does in fact weigh the conflicting evidence identified in the earlier sentences of the paragraph above. Accordingly, Ms. Frierson's claim that the ALJ draws unsupported inferences and fails to weigh conflicting evidence is without merit and her final objection is rejected.

10

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Objections (Doc. No. 16) to the M&R are OVERRULED; the M&R (Doc. No. 15) is affirmed and adopted for the reasons set forth herein, Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED; Plaintiff's Motion for Judgment on the pleadings (Doc. No. 11) is DENIED; and this matter is AFFIRMED.

IT IS SO ORDERED.

Signed: August 31, 2020

Frank D. Whitney
United States District Judge